H. T. MANSFIELD AND WIFE v. J. Y. HOGSETT ET AL.

Decided January 19, 1901.

Costs—Fee of Stenographer Not Taxed, When.

    The fee of a stenographer employed by the court at the request of a party to the suit to take down the evidence in the case can not be taxed as cost against the other party unless there is an order of court fixing the amount and allowing the item, as required by the statute. Rev. Stats., arts. 1295, 1296.

Appeal from Tarrant. Tried below before Hon. W. D. Harris.

*James C. Scott,* for appellants.

*Orrick & Terrell,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This is an appeal from the judgment of a District Court of Tarrant County, refusing to allow an item of costs to be taxed and collected in this case, after the judgment in the case had been affirmed by this court and the mandate returned to said District Court. The item of cost was the stenographer's fee of $56.

The item was not embraced in the bill of costs contained in the transcript filed in the appeal to this court, and no order of the district court is shown fixing the amount and allowing said item, as is necessary under articles 1295 and 1296 of our Revised Statutes, which provide as follows:

"Article 1295. For the purpose of preserving a statement of the evidence given on the trial of a cause, the court may, and upon application of either party shall, employ a stenographer or other competent person to take down the testimony in a cause.

"Article 1296. Reasonable compensation, not to exceed twenty cents per hundred words, shall be allowed such stenographer, to be fixed by the court and taxed in the bill of costs."

The District Court disallowed the item, it seems, upon the ground that "it did not go into the transcript on appeal, and that the same is not collectible from the plaintiffs."

The judgment of the District Court is affirmed, but because no order from the minutes of that court is shown fixing the amount and allowing the item, and therefore the party who called the stenographer must pay the bill, and is not entitled to have it taxed against the adverse party.

The judgment is affirmed.

*Affirmed.*